Toomer, Judge.
 

 It is a juridical maxim, that to matters of law the Court replies ,* to matters of fact tho jury. The issue joined on a plea of
 
 mil lid record,
 
 involves a question of fact as to the existence of a record. This is not a matter of law, hut it is such a question of fact, as must tie tried and decided by the Court. Should the jury in the Court below, on the trial of an issue of fact, find a verdict contrary to the weight of evidence, this Court cannot, for that reason, disturb the verdict. If the Court below in trying a question of fact, as to the existence of a record, w hich is properly to be tried by that tribunal, draws incorrect inferences from the evidence, this Court does not see the evidence, and cannot interfere with the decision.
 
 (State
 
 v.
 
 Isham,
 
 3 Hawks,
 
 185
 
 —State v.
 
 Grayton, et al.
 
 3
 
 Hawks,
 
 187.)
 

 It is not necessary to inquire, whether the Court below had authority to mend this
 
 sci.fa.
 
 as in proceedings between individuals, parties to a civil suit. If the authority be conceded, the State can derive, no benefit from the concession. Motions to amend the pleadings are addressed to the discretion of the Court, and a refusal to exercise such discretion, is not a de.ci.sion, which can be revised in this Court.
 
 (Armtsrong
 
 v.
 
 Wright,
 
 1
 
 Hawks 93
 
 —5
 
 Crouch 15—6
 
 Cranch
 
 253.)
 

 The following opinion is extrajudicial, but as I concur with the judgment of the Court below, there can be no impropriety in expressing that conrui recce.
 

 I think there was no such record, as that set forth in the
 
 sd. fa.
 
 The judgment of the Court was correctly rendered on the plea of
 
 nul tid record.
 
 The
 
 sci.fa.
 
 states, “ was
 
 fined nisi agreeably to act of
 
 Assembly.f" JS'o judg
 
 *216
 
 ment
 
 nisi
 
 was rendered. No act of the General Assembly prescribed the penalty ; no fine was imposed. The record of one term showed the recognizance, the record 0f tlic succeeding term simply exhibited this entry, “
 
 Defendant called and failed.,,
 
 The case of the
 
 State
 
 v.
 
 Dickinson,
 
 (3
 
 Mur.
 
 10,) has not been overlooked, but is considered not applicable to the present proceeding.— There a recognizance was duly entered into ; the cog-nizor failed to appear; the
 
 recognizance
 
 was
 
 forfeited; judgment nisi
 
 was rendered against him, for the
 
 sum specified
 
 in the
 
 recognizance.
 
 When the
 
 sci.fa.
 
 issued, calling on the cognizor to show cause why execution should not issue against him, for the sum of ¿8800 for a
 
 fine
 
 on a forfeited recognizance, in failing to make his appearance, as he was bound to do, the Court decided that the word jine might be rejected as surplusage; but retaining it did not obscure the sense of the
 
 sci. fa.
 
 And the facts affirmed in the
 
 sci.fa.
 
 substantially agreed with the record. There was a forfeiture recorded, and a judgment
 
 nisi
 
 for the sum of ¿5800
 
 agreeably
 
 to the recognizance, and as set forth in the
 
 sci.fa.
 
 And the only variance between the record averred in the
 
 sci.fa.
 
 and the record offered in e\ idence to support the averments, consisted in the insertion of the word
 
 fine
 
 in the
 
 sci.fa.
 

 Per Curiam. — Let the judgment be affirmed.